**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
Bid Protest

| | |
|---|---|
| **CENTERLINE LOGISTICS CORP.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-CV-00483-EGB |
| ) | Judge Eric G. Bruggink |
| **THE UNITED STATES,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## VANE LINE BUNKERING, INC.'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24(a) of the United States Court of Federal Claims ("RCFC"), Vane Line Bunkering, Inc. ("Vane"), through its undersigned counsel, respectfully moves to intervene in the above-captioned protest. Counsel for the Plaintiff and the Defendant stated during the April 23, 2020 status conference that they do not oppose this motion to intervene. As discussed below, Vane is entitled to intervene as a matter of right in accordance with RCFC 24(a). Alternatively, Vane should be permitted to intervene under RCFC 24(b).

**I.      Vane Is Entitled To Intervene As A Matter Of Right**

This matter is a pre-award protest filed by Centerline Logistics Corp. ("Centerline") regarding Request for Proposals No. HTC711-19-R-W003 (the "RFP"), a solicitation issued by the U.S. Transportation Command (the "Agency" or "TRANSCOM") to provide scheduled fuel barge transportation services in the Atlantic Region. Although Centerline's complaint in this action was filed under seal, Vane understands that Centerline's complaint challenges the Agency's corrective actions taken in 2018 and 2020. Vane is the incumbent contractor and an actual offeror under the RFP, and it is the only other offeror whose proposal remains in the

competitive range.  Moreover, Vane's confidential and proprietary information is covered by the U.S. Government Accountability Office protective order, issued in previous protests involving this procurement, and that Centerline has stated is applicable to and protects information relevant to this protest.  *See* ECF No. 8.

Vane is entitled to intervene as a matter of right because it clearly has a significant interest in the outcome of these proceedings.  RCFC 24(a) requires the Court to permit "[o]n timely motion . . . anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The U.S. Court of Appeals for the Federal Circuit has held that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc. v. United States,* 870 F.2d 1559, 1561 (Fed. Cir. 1989).  *See also Winston-Salem Industries for the Blind, Inc., d/b/a IFB Sol. v. United States*, 144 Fed. Cl. 644 (2019).

Vane satisfies the elements for intervention as a matter of right in this protest and, thus, intervention under RCFC 24(a) is proper.  *See Bannum, Inc. v. United States*, 118 Fed. Cl. 139 (2014) (pre-award protest where only other offeror in competitive range permitted to intervene); *Coastal Int'l Security, Inc. v. United States*, 93 Fed. Cl. 502, 526 (2010) (explaining court had granted oral motion to intervene to only other offeror in the competitive range); *L-3 Comms., EOTech, Inc. v. Unites States*, 87 Fed. Cl. 656 (2009) (pre-award protest where incumbent and only offeror still being considered for the subject procurement permitted to intervene).  In particular, this motion is timely because Centerline filed the complaint in this matter on April 21, 2020, and the case is in its early stages.  Moreover, Vane's interests in the procurement and award decision at issue "are so situated that the disposition of the action may as a practical

matter impair or impede the movant's [Vane's] ability to protect its interest."  RCFC 24(a).  Although Vane's defenses against the Plaintiff's allegations may be aligned with those of the Defendant, only Vane is in the best position to adequately protect its interests in this procurement, and it is entirely possible that the Defendant could, at any stage of these proceedings, take a position or action that conflicts with Vane's interests.  *See Mgmt. Solutions & Sys., Inc. v. United States,* 75 Fed. Cl. 820, 827 (2007); *see also Coastal Int'l Security*, 93 Fed. Cl. at 526 (noting "No other party can adequately represent [permitted intervenor's] interests.  As a rival for the [subject] contract, [protester] cannot do so.  Nor can the Government, as it has the responsibility to represent only [the agency's] interests.").

Alternatively, Vane should be permitted to intervene in accordance with RCFC 24(b) because its claims and defenses regarding the Agency's procurement and corrective actions and against the Plaintiff's allegations have questions of law or fact in common with the issues presented in this matter.  *See* RCFC 24(b).

## II.     Conclusion

For the reasons stated above, Vane respectfully requests that the Court grant this unopposed motion to intervene.

                              Respectfully submitted,

                              s/ Jayna Marie Rust
                              Jayna Marie Rust
                              Thompson Coburn LLP
                              1909 K Street, N.W., Suite 600
                              Washington, D.C.  20006
                              jrust@thompsoncoburn.com
                              Telephone:  (202) 585-6929

                              *Counsel of Record* for Vane Line Bunkering, Inc.

Of Counsel:

Scott F. Lane
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
slane@thompsoncoburn.com
Telephone:  (202) 585-6535

Katherine S. Nucci
Thompson Coburn LLP
1909 K Street, N.W., Suite 600
knucci@thompsoncoburn.com
Washington, D.C.  20006
Telephone:  (202) 585-6931

Dated:  April 23, 2020

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of April 2020, I have caused a true and correct copy of the foregoing to be served via electronic filing with the Court's ECF System and/or by electronic mail, which will effect service upon:

Bryant E. Gardner, Esq.
Winston & Strawn LLP (DC)
1901 L Street, NW
Washington, DC 20036

David Richard Pehlke, Esq.
U.S. Department of Justice - Civil Division
PO Box 480
Ben Franklin Station
Washington, DC 20044

                                              /s/ Jayna Marie Rust